

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

BRANDEN ISAAC WABE,

Plaintiff,

v.

FAIRWINDS CREDIT UNION,

Defendant.

Case No.: **8:26-cv-137-SDM-NHA**

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

Plaintiff, BRANDEN ISAAC WABE ("Plaintiff"), sues Defendant, FAIRWINDS CREDIT UNION ("Defendant" or "FAIRWINDS"), and alleges as follows:

**I. JURISDICTION AND VENUE**

1. This action arises under federal law, including the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.; the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; and the Declaratory Judgment Act, 28 U.S.C. § 2201.

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper under 28 U.S.C. § 1391 because Defendant conducts business in Florida and Plaintiff resides in this District.

## II. PARTIES

4. Plaintiff is a natural person residing in Pinellas County, Florida.

5. Defendant FAIRWINDS CREDIT UNION is a Florida financial institution that furnishes information to consumer reporting agencies and represents itself as entitled to collect and enforce consumer loan obligations.

## III. RELATED STATE COURT PROCEEDINGS (CONTEXT ONLY)

6. Defendant previously filed a replevin and damages action against Plaintiff in Florida state court arising from a Loan and Security Agreement.

7. The trial court entered judgment in favor of Defendant in the amount of $40,266.63.

8. Plaintiff timely appealed the judgment, and the appeal remains pending.

9. This action does not seek to overturn, void, review, or modify the state court judgment.

10. Plaintiff does not challenge the evidentiary rulings, findings, or conclusions of the state trial court and does not seek review of those determinations in this action.

11. Instead, Plaintiff asserts independent federal statutory claims arising from Defendant's post-dispute representations, credit reporting, and continued assertion of enforcement authority

### IV. FACTUAL ALLEGATIONS

12. The alleged obligation arises from a closed-end Loan and Security Agreement.

13. Under applicable law, including Florida Rule of Civil Procedure 1.210(a), Florida Statutes Chapters 673 and 679, and Florida replevin law, enforcement of a Loan and Security Agreement requires the enforcing party to establish:

    a. Ownership of the obligation; and

    b. Status as the secured party with a valid and perfected security interest.

14. On or about November 25, 2025, Plaintiff sent Defendant a written debt validation and verification request pursuant to 15 U.S.C. § 1692g(b) (attached as Exhibit A), demanding proof of Defendant's ownership, authority, and secured-party status.

15. Defendant failed and refused to provide the requested validation.

16. Defendant did not produce any assignment documents, UCC-1 financing statements identifying Defendant as secured party, proof of perfection, or a verified accounting establishing the alleged balance.

17. Notwithstanding its failure to validate or establish secured-party status, Defendant continued to represent—expressly and implicitly—that it possessed lawful authority to collect, enforce, and report the alleged obligation.

18. Defendant furnished negative information regarding the alleged obligation to consumer reporting agencies, including Equifax and TransUnion, and continued to verify the account despite Plaintiff's dispute.

19. Although enforcement activity may be temporarily stayed due to the pending appeal, Defendant continues to assert authority to collect, enforce, and report the alleged obligation and has not disclaimed its intent or ability to resume enforcement upon conclusion of the appellate proceedings.

20. Defendant's conduct caused Plaintiff actual damages, including credit harm, emotional distress, loss of credit opportunities, and financial injury.

## V. CAUSES OF ACTION

### COUNT I – FDCPA

15 U.S.C. §§ 1692e and 1692f

(Misrepresentation-Based)

21. Plaintiff realleges paragraphs 1–20.

22. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), or acted as such by engaging in representations and communications concerning the collection and enforcement of an alleged consumer debt after default.

23. Defendant violated 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the alleged debt.

24. Specifically, Defendant represented—through written communications, credit reporting, and verification responses—that it possessed lawful authority, ownership, and standing to enforce the Loan and Security Agreement when it had failed to establish such authority.

25. Defendant's representations regarding its entitlement to enforce the obligation were material and likely to mislead the least sophisticated consumer.

26. Defendant further violated 15 U.S.C. § 1692f by using unfair and unconscionable means to attempt to collect the alleged debt, including asserting rights and authority it did not substantiate after receiving Plaintiff's validation request.

27. Plaintiff was not required to show ongoing collection activity to establish liability for Defendant's misrepresentations regarding authority and standing.

28. As a direct and proximate result of Defendant's violations, Plaintiff suffered actual damages, including emotional distress and credit injury.

29. Plaintiff is entitled to statutory damages, actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

## COUNT II – FCRA

### Violation of the Fair Credit Reporting Act

15 U.S.C. §§ 1681s-2(a) and (b)

30. Plaintiff realleges paragraphs 1–29.

31. Defendant furnished information regarding Plaintiff to consumer reporting agencies.

32. The information furnished was inaccurate and misleading because Defendant lacked proven authority to enforce the alleged obligation.

33. After receiving notice of Plaintiff's dispute, Defendant failed to conduct a reasonable investigation and failed to correct or delete inaccurate information.

34. Plaintiff suffered credit damage, denial of credit opportunities, and emotional distress.

## COUNT III – TILA
## Violation of the Truth in Lending Act

15 U.S.C. §§ 1637 and 1638

35. Plaintiff realleges paragraphs 1–34.

36. Defendant failed to provide accurate disclosures regarding the identity of the creditor and any assignments or transfers of the obligation.

37. Plaintiff was deprived of the ability to identify the true creditor and exercise statutory rights.

## COUNT IV – Unjust Enrichment

38. Plaintiff realleges paragraphs 1–37.

39. Defendant retained benefits despite failing to establish legal entitlement to enforce the obligation.

## COUNT V – Breach of Contract

40. Plaintiff realleges paragraphs 1–39.

41. Defendant breached the Loan and Security Agreement by enforcing and representing authority without establishing secured-party status and by failing to provide accurate accounting.

## COUNT VI – FDUTPA

Florida Deceptive and Unfair Trade Practices Act

Fla. Stat. § 501.201 et seq.

42. Plaintiff realleges paragraphs 1–41.

43. Defendant engaged in deceptive acts by misrepresenting its authority to enforce the obligation and concealing material facts regarding standing.

### COUNT VII – Declaratory Judgment

Declaratory Judgment – Lack of Standing and Failure to Establish Secured-Party Status

28 U.S.C. § 2201

44. Plaintiff realleges paragraphs 1–43.

45. An actual and present controversy exists regarding Defendant's authority to collect, enforce, and report the alleged obligation.

46. Plaintiff seeks a declaration determining whether Defendant is the real party in interest and secured party entitled to enforce the Loan and Security Agreement under applicable law.

### PRAYER FOR RELIEF

### A. Declaratory Relief

47. A declaration pursuant to 28 U.S.C. § 2201 determining whether Defendant currently possesses lawful authority, standing, and secured-party status to collect, enforce, or report the alleged obligation going forward;

### B. Statutory Damages

48. An award of statutory damages as authorized by:The Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; andThe Truth in Lending Act, 15 U.S.C. § 1640;

### C. Actual Damages

49. An award of actual damages for economic loss, credit injury, emotional distress, and other harms caused by Defendant's statutory violations;

### D. Credit Reporting Relief

50. An order requiring Defendant to correct, delete, or otherwise amend any inaccurate or misleading information furnished to consumer reporting agencies regarding Plaintiff;

### E. Equitable Relief

51. An order enjoining Defendant from representing that it has authority to collect, enforce, or report the alleged obligation unless and until such authority is lawfully established;

### F. Restitution / Disgorgement

52. An award of restitution or disgorgement of any monies or benefits obtained through unlawful or deceptive conduct, to the extent permitted by law;

### G. Costs and Fees

53. An award of costs of suit and reasonable attorney's fees where authorized by statute;

### H. Such Other and Further Relief

54. Such other and further relief as the Court deems just, proper, and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Branden Isaac Wabe

**BRANDEN ISAAC WABE**

Plaintiff, Pro Se

208 NE Monroe Circle N #107

St. Petersburg FL 33702

727-776-8999